UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| GREAT LAKES PRODUCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-463 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| JOSHUA BAILEY and PREMIER | ) | |
| MELON, INC., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motion to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). At the case management conference conducted in this matter, the parties agreed that the motion should be decided without oral argument. The parties have stipulated to the dispositive jurisdiction of a magistrate judge in this case pursuant to 28 U.S.C. § 636(c). (Consent and Order of Reference, docket # 16). For the reasons set forth below, the court finds that this case falls within the federal-question jurisdiction of the federal courts and that the Department of Agriculture does not have primary jurisdiction over this dispute.

**Allegations in Complaint**

Rule 12(b)(1) allows a defendant to seek dismissal for lack of subject-matter jurisdiction. The Sixth Circuit recognizes two types of 12(b)(1) motions: a "facial" attack challenging the sufficiency of the plaintiff's factual allegations, in which all well-pleaded factual allegations in the complaint are taken as true; and a "factual" attack challenging the actual fact of

subject-matter jurisdiction, which is analyzed under summary judgment standards.[1]  *See Gentek Bldg. Prod., Inc. v. Steel Peel Lit. Trust*, 491 F.3d 320, 330 (6th Cir. 2007); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 324 (6th Cir. 1990).  In this case, defendant is making a facial attack against plaintiff's complaint, and for present purposes, plaintiff's factual allegations must be taken as true.

The allegations in plaintiff's complaint, accepted as true, disclose the following. Plaintiff Great Lakes Produce, LLC is a Michigan limited liability company located in Niles, Michigan.  Defendant Joshua Bailey holds a membership interest in Great Lakes.  Defendant Premier Melon, Inc. is a Michigan corporation with principal place of business in the State of Michigan. Plaintiff is licensed under the Perishable Agricultural Commodities Act (PACA) and grows and distributes perishable agricultural commodities in interstate commerce; defendant Premier Melon is licensed as a produce dealer and distributor under PACA.  (Compl. ¶¶ 1-3).

During the year 2007, defendant Bailey was a member of Great Lakes.  Plaintiff alleges that without its knowledge or consent, Bailey used Premier as a vehicle to obtain melons from suppliers of Great Lakes, but invoiced those melons as if they had been produced by Premier. (Compl. ¶ 7).  The complaint alleges that by doing so, Premier was able to gain a hidden additional income by taking a profit on the melons obtained from other suppliers and provided to Great Lakes. Defendant Bailey represented to Great Lakes that Premier was the grower of such melons when in fact Premier was obtaining the produce from third parties.  (*Id.*).  The complaint further alleges that

---

[1] The difference is often significant, because under a factual challenge, the district court is empowered to weigh the evidence, and no presumptions apply to the truth of plaintiff's allegations. *See American Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 357 (6th Cir. 2007); *United States v. A.D. Roe Co.*, 186 F.3d 717, 721-22 (6th Cir. 1999).

Bailey persuaded growers who had previously supplied melons to Great Lakes to cease dealing with Great Lakes and to sell instead to Premier, in violation of his fiduciary duties to plaintiff. (Compl. ¶ 8). Similarly, while still a member of plaintiff, Bailey contacted certain customers of Great Lakes, including Wal-Mart, Meijer, and Costco, misinforming them that Premier was a division of Great Lakes and persuading them to switch their records to assign the number belonging to Great Lakes to Premier. (Compl. ¶ 9). The complaint further alleges that Bailey used his expense account at Great Lakes to charge expenses which were incurred by Premier, a competitor of Great Lakes. (Compl. ¶ 10). Plaintiff asserts that it only discovered this alleged series of unethical transactions in late 2007, at which point plaintiff refused to pay Premier for melons that were shipped in interstate commerce, valued at $164,109.00.

In count 1, plaintiff seeks a declaratory judgment that it is not indebted to Premier for melons delivered by Premier in interstate commerce. Count 2 seeks damages from Premier under PACA for violations of 7 U.S.C. § 499b(4) and (5), alleging misrepresentation of the source of produce, and further seeks disgorgement of allegedly secret profits. Count 3 alleges a pendent state claim for breach of fiduciary duty, and count 4 alleges a pendent statutory claim for conversion under Michigan law.

## Discussion

### 1.

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006); *see Post v.*

*Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) ("It is . . . 'well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree.'") (quoting *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003)).  Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted); *see Metro Hydroelectric Co., LLC v. Metro Parks*, No. 07-3291, 2008 WL 4067453, at * 4 (6th Cir. Sept. 4, 2008).  The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Alston v. Advanced Brands & Importing Co.*, 494 F.3d 562, 564 (6th Cir. 2007).

Plaintiff has the burden of proving this court's subject-matter jurisdiction.  *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006).  Because the parties are not of diverse citizenship, jurisdiction must be founded, if at all, on 28 U.S.C. § 1331, which establishes the "federal question" jurisdiction of the district courts.  "Congress has provided district courts with subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws or treaties of the United States.'" *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 517-18 (6th Cir. 2006) (quoting 28 U.S.C. § 1331); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513-14.  "The Supreme Court has made clear that, to determine whether a claim arises under federal law, a court, under the 'well pleaded complaint' rule, generally looks only to the plaintiff's complaint." *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2006) (citing *Gully v. First National Bank*, 299 U.S. 109 (1936) and

-4-

*Louisville & N.R. Co. v. Mottley*, 211 U.S. 149 (1908)); *see Cobb v. Contract Transp., Inc.*, 452 F. 3d 543, 548 (6th Cir. 2006) ("A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows that it is based on [federal] laws or [the federal] Constitution.") (quoting *Mottley*, 211 U.S. at 152). "The well-pleaded complaint rule provides that 'federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Plaintiff's complaint alleges that this case arises under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §§ 499a-499t. PACA was a Depression-era statute enacted by Congress to regulate the interstate business of shipping and handling perishable agricultural commodities. Its primary purpose was to provide a practical remedy to small farmers and growers who were vulnerable to unethical practices of financially irresponsible and unscrupulous brokers in perishable commodities. *See Chidsey v. Geurin*, 443 F.2d 584, 588 (6th Cir. 1971); *see also Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir. 2000). A central part of the statute is the enumeration of unfair practices by merchants, dealers, and brokers in connection with transactions in interstate or foreign commerce. 7 U.S.C. § 499b. PACA prohibits merchants, dealers and brokers from, among other things, engaging in unfair discriminatory or deceptive practices, making false or misleading statements in connection with any transaction involving perishable agricultural commodities and failing to make full payment promptly in respect to any transaction. *Id.* In a section devoted to remedies, PACA provides that any merchant, dealer or broker who violates any provision of section 499b shall be liable in damages to any injured person. 7 U.S.C. § 799e(a). Such liability may be enforced either by complaint to the Secretary of

Agriculture or "by suit in any court of competent jurisdiction." 7 U.S.C. § 499e(b). The same section provides that this remedy does not abridge other remedies in existence at common law or by statute, but is cumulative. *Id.*; *see Paris Foods Corp. v. Foresite Foods, Inc.*, 278 F. App'x 873, 875 (11th Cir. 2008); *Grimmway Enter., Inc. v. PIC Fresh Global, Inc.*, 548 F. Supp. 2d 840, 846 (E.D. Cal. 2008).

The allegations in count 2 of plaintiff's complaint, accepted as factually true for present purposes, clearly fall within the court's subject-matter jurisdiction under PACA. Count 2 alleges that defendant Premier, a licensed produce distributor and dealer under PACA, engaged in misrepresentation of the source of produce sold by Premier to Great Lakes. Section 499b(4) prohibits any merchant, dealer, or broker from making, for a fraudulent purpose, any false or misleading statement in connection with any transaction involving any perishable agricultural commodity in interstate commerce. Count 2 alleges that Premier is a dealer and that it made false statements as to origin of perishable commodities with intent to defraud. Count 2 therefore arises under federal law, as PACA creates the cause of action presented on the face of plaintiff's complaint. *See Eastside Food Plaza, Inc. v. "R" Best Prod., Inc.*, No. 03 Civ. 106, 2003 WL 21727788, at * 2-4 (S.D.N.Y. July 23, 2003) (subject-matter jurisdiction under PACA exists over suit by produce broker against produce dealer for violation of § 499b).

Plaintiff also argues that count 1 arises under PACA, but the court disagrees. In count 1, plaintiff seeks a declaratory judgment that it is not liable to pay Premier for $164,000 in produce delivered by Premier to plaintiff. Plaintiff points to 7 U.S.C. § 499b(4), which it asserts creates a duty to promptly remit and pay for produce received. Plaintiff is mistaken. The duty to pay for produce arises under the law of contract and Uniform Commercial Code, neither of which has been

displaced by PACA. *See, e.g., AFL Fresh & Frozen Fruits & Veg., Inc. v. De-Mar Food Serv., Inc.*, No. 06 Civ. 2142, 2007 WL 4302514, at * 2-3 (S.D.N.Y. Dec. 7, 2007); *Bernath v. Potato Serv. of Mich.*, 300 F. Supp. 2d 175, 181-84 (D. Me. 2004). PACA does create a separate cause of action against a broker or dealer for failure to make full payment in respect to a commodities transaction. 7 U.S.C. § 499b(4). This provision does not repeal the law of sales or destroy the rights and liabilities of contracting parties. *See Ernest E. Fadler Co. v. Hesser*, 166 F.2d 904, 906 (9th Cir. 1948); *accord Andrews Bros. of Cal. v. Central Produce Co.*, 203 F.2d 949 (6th Cir. 1953). Rather, it creates an alternative or additional remedy to sellers of perishable commodities. *See A.J. Conroy, Inc. v. Weyl-Zuckerman & Co.*, 39 F. Supp. 784, 787 (N.D. Cal. 1941). Hence, Premier had the option of suing either under state law or under PACA. Premier has never asserted a claim under PACA, and by its motion to dismiss, Premier eschews any reliance on the federal statute. In short, count 1 seeks a declaration of non-liability on a PACA claim that Premier has never asserted. The debt underlying count 1 is governed by state law until Premier asserts a claim under PACA, which it has not done. In these circumstances, plaintiff has failed to allege the existence of a real case or controversy under PACA with regard to count 1.

Nevertheless, this court has subject-matter jurisdiction over count 1, as well as counts 3 and 4, under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367. Under the doctrine of supplemental jurisdiction, a federal district court that has original jurisdiction over one claim has supplemental jurisdiction over all other claims that are so related to that claim that they form part of the same case or controversy under Article III. *Id.* at § 1367(a); *see HAAC Chile, S.A. v. Bland Farms, LLC*, No. 6:06cv86, 2008 WL 3925285, at * 3 (S.D. Ga. Aug. 26, 2008). In the present case,

all four of plaintiff's claims are factually intertwined. Consequently, counts 1, 3 and 4 fall within the court's supplemental jurisdiction.

**2.**

Defendants also make a half-hearted assertion that the Secretary of Agriculture, rather than the district court, has primary jurisdiction over the PACA claim set forth in the complaint. Defendants cite no authority for this proposition. Under the doctrine of primary jurisdiction, federal courts are to abstain from hearing certain administrative-related matters until the appropriate agency has had a chance to interpret unanswered technical and factual issues. *Fieger v. U.S. Attorney Gen.*, ___ F.3d ___, No. 07-2291, 2008 WL 4191266, at * 9 (6th Cir. Sept. 15, 2008). The doctrine is limited to those situations in which protection of the integrity of a regulatory scheme dictates primary resort to the agency. *Id.*

As noted above, PACA expressly provides that liability for violation of the Act may be enforced "either" by complaint to the Secretary or by suit in any court of competent jurisdiction. 7 U.S.C. § 499e(b). On its face, this language does not purport to invest primary jurisdiction with the Secretary of Agriculture, but gives an injured party the option of proceeding administratively before the Secretary or bringing suit in a court of competent jurisdiction. Defendants have cited no authority that would undermine this plain reading of the statute. The court's own research has unearthed only one unreported case in this area, and that case holds that the Secretary of Agriculture does not have primary jurisdiction over PACA claims. *Sun Pacific Marketing Co-op, Inc. v. DiMare Fresh, Inc.*, No. Civ.-F-06-1404, 2007 WL 1174651, at * 4 (E.D. Cal. Apr. 19, 2007). Defendants do not identify any unanswered issues of agricultural policy or technical issues that militate in favor

of deference to administrative adjudication.  The court therefore rejects defendants' assertion of primary administrative jurisdiction.

## **Conclusion**

For the reasons set forth above, the court finds that it has subject-matter jurisdiction over count 2 and supplemental jurisdiction over the remaining counts and that the Secretary of Agriculture does not have primary administrative jurisdiction over the claims set forth in plaintiff's complaint.  Defendants' motion to dismiss for lack of subject-matter jurisdiction will therefore be denied.


Dated:   September 29, 2008                    /s/  Joseph G. Scoville                                
                                                United States Magistrate Judge