UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| GREAT LAKES PRODUCE, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-463 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| JOSHUA BAILEY and PREMIER ) | |
| MELLON, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER SETTING ASIDE DEFAULT
AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

This is a civil action brought by Great Lakes Produce, LLC (Great Lakes) against Joshua Bailey (Bailey) and Premier Mellon, Inc (Premier). Plaintiff's initial complaint consists of four claims, one under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §§ 499a-499t, and three state-law claims. (*See* 9/29/08 Memorandum Opinion at 5-8, docket # 27). On August 21, 2008, Premier and Bailey filed a two-count counterclaim against Great Lakes alleging (1) failure to pay for commodities under PACA; and (2) breach of contract under Michigan law. (docket # 21). On October 20, 2008, Great Lakes filed a motion for leave to file a first amended complaint. (docket # 31). On October 21, 2008, the Clerk entered a default against Great Lakes for its failure to file a timely answer to the counterclaims asserted by Premier and Bailey. (docket # 33). On October 23, 2008, Great Lakes filed a motion to set aside its default. (docket # 34). Premier and Bailey filed a brief on November 4, 2008 in opposition to Great Lakes' motion to set aside the default. (docket # 37).

Plaintiff's motion for leave to file a first amended complaint states, "The proposed amendment is sought in light of the Court's Memorandum Opinion Dated September 29, 2008. Said order [sic] held that Great Lakes' first count did not arise under the PACA as asserted in Plaintiff's Original Complaint but rather under the law of contract and the Uniform Commercial Code." (docket # 31 at 1). Plaintiff moves "for leave to file a First Amended Complaint to revise its First Cause of Action seeking a declaratory judgment under the Perishable Agricultural Commodities Act ("PACA") into a Michigan state law claim." (docket # 31 at 1). Premier and Bailey did not file a brief in opposition to this motion. Upon review, I find (1) that there is good cause under Rule 16(b) of the Federal Rules of Civil Procedure to allow this amendment; and (2) that amendment is appropriate under the liberal standards of Rule 15(a). *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Great Lakes filed its motion to set aside the default within two days after the default was entered. Rule 55(c) invests the trial court with discretion to set aside an entry of default. FED. R. CIV. P. 55(c) ("For good cause shown, the court may set aside an entry of default."); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352-53 (6th Cir. 2003). A district court "enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *Davey v. St. John Health*, No. 07-2462, 2008 WL 4613549, at * 5 (6th Cir. Oct. 16, 2008). A court should examine three factors to determine whether a defendant has shown "good cause" under the Rule: (1) whether plaintiff suffered or will suffer prejudice as a result of the tardy pleadings; (2) whether defendant has presented a meritorious defense; and (3) whether defendant's failure to appear and plead was willful. *See Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). "However, a strong preference for trials on the merits in federal courts" has resulted in

a standard such that "a 'glaring abuse' of discretion is not required . . . to relieve a party of the harsh sanction of default." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986)(quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)). The only factor Premier and Bailey have attempted to contest is the presence of a meritorious defense. (docket # 37 at 4-5). Upon review, the court finds that all of the relevant factors weigh in favor of granting Great Lakes' motion to set aside its default.

"[D]elay alone is not a sufficient basis for establishing prejudice. . . . Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). There is no evidence of prejudice.

"'In determining whether a defaulted defendant has a meritorious defense [l]ikelihood of success is not the measure . . . [r]ather, if <u>any</u> defense relied upon states a defense good at law, then a meritorious defense has been advanced.'" *INVST Fin. Group*, 815 F.2d at 398-99 (quoting *United Coin Meter*, 705 F.2d at 845 (6th Cir. 1983)). A defense is sufficient if it contains even a hint or suggestion which, if proven at trial, would constitute a complete defense. The key consideration is "'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" 815 F.2d at 399 (quoting 10 C. WRIGHT, A. MILLER, M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2697 at 531 (1983)). Premier and Bailey have not seriously contested the legal adequacy of the proffered defenses to their PACA and breach of contract counterclaims. Instead they argue the fact that Great Lakes admitted its receipt of produce, and that Great Lakes is "merely asserting a right to set off against the sums due" Premier and Bailey. (docket # 37 at 5). This argument, devoid of citation to any legal authority, does not

establish the legal inadequacy of Great Lakes' proposed defenses to the breach of contract and PACA claims. The court finds that there is more than "some possibility" that the result will be contrary to default if Great Lakes is allowed to proceed with its defenses. The stated defenses are sufficient to justify further proceedings.

There is no evidence of culpable conduct. To be treated as willful and culpable, the conduct of Great Lakes must display either an intent to "thwart judicial proceedings" or a "reckless disregard" for the effect of its conduct on these proceedings. *Shepard Claims*, 796 F.2d at 194. Great Lakes acted promptly, and there is no evidence of a willful attempt to thwart the judicial process. The court finds good cause to set aside the default. Accordingly,

IT IS ORDERED that Great Lakes' motion for leave to file an amended complaint (docket # 31) is GRANTED, and the proposed First Amended Complaint attached to plaintiff's motion is deemed filed *instanter*.

IT IS FURTHER ORDERED that Great Lakes' motion to set aside its default (docket # 34) is GRANTED, and the proposed Answer and Affirmative defenses attached to its motion are deemed filed *instanter*.

DONE AND ORDERED this 12th day of November, 2008.

/s/  Joseph G. Scoville
United States Magistrate Judge